Edgar Leonel GUZMAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72104.

Agency No. A75–535–063.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Pius Joseph, Law Offices of Pius Joseph, A Professional Law Corporation, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stuart B. Schoenburg, Asst. U.S. Atty., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Edgar Leonel Guzman, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's decision denying his applications for asylum, with-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

holding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's determination that the government rebutted the presumption of a well-founded fear of future persecution based on a "fundamental change in circumstances" in Guatemala. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Gonzalez–Hernandez*, 336 F.3d at 998–99 (upholding the BIA's conclusion that changed country conditions in Guatemala were sufficient to rebut presumption of a well-founded fear of future persecution). Accordingly, Guzman was not entitled to asylum, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), and necessarily failed to satisfy the more stringent standard for withholding of removal, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Similarly, Guzman's Convention Against Torture claim failed because he did not establish that it was more likely than not that he would be tortured if returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Guzman's due process contentions are without merit.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Guzman's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.